# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| RUBY BLAIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08-00928-CV-W-FJG-SSA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner, Social Security | ) |
| Administration | ) |
| | ) |
| Defendant. | ) |

## ORDER

This is a proceeding for disability insurance benefits under Title II of the Social

Security Act ("the Act"), 42 U.S.C. § 405(g) and for supplemental security income

("SSI") benefits under Title XVI.  On September 27, 2005, plaintiff filed an application for

a period of disability and disability insurance benefits under Title II and Title XVI of the

Act.  Plaintiff's application was denied at the initial stage of administrative review.  She

appealed the denial to an administrative law judge ("ALJ").  Following a hearing on April

29, 2008, the ALJ rendered a written decision on June 16, 2008, which found that

plaintiff was not under a disability as defined in Titles II and XVI.  Plaintiff requested a

review of that decision and on October 7, 2008, the Appeals Council denied plaintiff's

request for review.  Thus, the decision of the ALJ stands as the final decision of the

Commissioner.  The facts and arguments are presented in the parties' briefs and will not

be repeated here

The Eighth Circuit has stated the standard for judicial review of an ALJ's denial of

benefits as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006), citing, McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir.2000).

The Court has reviewed the parties' briefs, the decision of the ALJ, the transcript of the hearing and the additional medical and documentary evidence. Despite that searching review, the Court cannot find substantial evidence on the record to support the Secretary's decision. The Court finds that the ALJ erred when he concluded the opinion from the treating physician, Dr. Ferraro,[1] set forth in the medical source statement of April 28, 2008 was, "inconsistent with the course of treatment, the claimant's testimony and the evidence of record." (Tr. at 20). The ALJ did not specify the inconsistencies that led him to discredit the opinion, and the record is not sufficiently developed to support the ALJ's alternate findings set forth in the claimant's residual functional capacity (Tr. at 21). The Court notes, however, the ALJ's decision may have been adversely affected due to plaintiff's untimely provision of the medical source statement, which was entered into evidence the day of the hearing.

---

[1]Stated as, "Cindy Ruttan, D.O." in the ALJ's Decision. Defendant's brief clarifies that, "[t]he ALJ improperly referred to Dr. Ferraro's opinion as that of Dr. Ruttan (Tr. 20). However, the error did not alter the ALJ's analysis." (Doc. No. 13, at 15).

Accordingly, for the reasons stated above, the Court **GRANTS** plaintiff's motion

for summary judgment (Doc. No. 8).  The Court hereby **ORDERS** that the Administrative

Law Judge's decision is **REVERSED** and this case is **REMANDED** to the Commissioner

pursuant to sentence four of 42 U.S.C. § 405(g)(4) for further proceedings consistent

with this Order.

   **IT IS SO ORDERED.**


Date:   12/18/09                                **/S/ FERNANDO J. GAITAN JR.**
Kansas City, Missouri                      Fernando J. Gaitan Jr.
                                           Chief United States District Judge